UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| | ) | No. 16 C 6465 |
| v. | ) | |
| | ) | Judge Sara L. Ellis |
| JEFFREY CARTER. | ) | |
| | ) | |

## OPINION AND ORDER

A jury convicted Jeffrey Carter in 2011 of three crimes: being a felon in possession of a firearm pursuant to 18 U.S.C. § 922(g)(1); carjacking pursuant to 18 U.S.C. § 2119; and carrying a firearm during a crime of violence pursuant to 18 U.S.C. § 924(c)(1)(A). The trial court sentenced him to 264 months in prison, including a 180-month sentence for the § 922(g)(1) conviction under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). Four years later, in *Johnson v. United States*, --- U.S. ----, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), the United States Supreme Court declared § 924(e)(2)(B)'s "residual clause" unconstitutional and held that certain sentences under § 924(e) were unconstitutional as well. Carter now moves under 28 U.S.C. § 2255, after obtaining leave to file a second such motion, to vacate and correct his sentence based on *Johnson*. Because Carter has at least three separate felony convictions that have as elements the use, attempted use, or threatened use of physical force prior to his 2011 conviction for possessing a firearm as a felon, the Court denies Carter's motion.

## BACKGROUND

On June 28, 2011, a jury convicted Carter of possessing a firearm as a felon, 18 U.S.C. § 922(g)(1), participating in carjacking, 18 U.S.C. §§ 2, 2119, and carrying a firearm during a crime of violence, 18 U.S.C. §§ 2, 924(c)(1)(A). *United States v. Carter*, Case No. 09 CR 971-1,

Docs. 100, 101 (N.D. Ill.).  Before his 2011 conviction, Carter pleaded guilty to six aggravated robberies in Illinois, committed in 2004 on September 17, 18, 20, 21, 24, and 25, respectively. The State's Attorney's Office originally charged Carter with armed robberies for these events but amended the indictments to aggravated robberies prior to his guilty pleas.  Carter objected to the probation department's determination that he qualified as an armed career criminal under 18 U.S.C. § 924(e)(1) as a result of these aggravated robbery convictions—and the minimum fifteen-year minimum sentence for his § 922(g)(1) conviction under the ACCA—because the jury did not determine that Carter had been convicted of three separate predicate crimes for a § 924(e) sentence.  *See id.* Doc. 118 at 5 (objecting to judicial fact-finding for § 924(e) sentence but conceding that Supreme Court precedent foreclosed his argument).  On November 2, 2011, Judge John F. Grady (hereinafter the "Sentencing Court") sentenced Carter to 264 months in custody, including 180 months imprisonment for the § 922(g)(1) conviction.  *Id.*, Doc. 130; *id.*, Doc. 140 (amending judgment as to Carter to correct clerical error; maintaining 180-month sentence for § 922(g)(1) conviction).  Carter appealed, and the Seventh Circuit affirmed his conviction.  *United States v. Carter*, 695 F.3d 690 (7th Cir. 2012).  Carter then filed a petition under 18 U.S.C. § 2255 to vacate his conviction and sentence, arguing that his attorney failed to provide him effective assistance but making no argument as to the calculation of his sentence, which the Sentencing Court denied.  *Carter v. United States*, No. 14 C 244, 2014 WL 3705131 (N.D. Ill. July 23, 2014).  After the Supreme Court's decision in *Johnson*, the Seventh Circuit granted Carter's application to file a second petition for collateral review of his sentence.  *Carter v. United States*, Case No. 15-3031, Doc. 4 (7th Cir. Oct. 5, 2015).

**LEGAL STANDARD**

28 U.S.C. § 2255(a) provides that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). If the Court finds that the convicted defendant is entitled to relief then "the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues, and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2211(b). If, however, the Court finds that, based upon the motion and record of the case, the prisoner conclusively is not entitled to relief, then the Court is permitted to dismiss the motion. *Id.*; *see also Cooper v. United States*, 378 F.3d 638, 641–42 (7th Cir. 2004); *Lafuente v. United States*, 617 F.3d 944 (7th Cir. 2010); Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts*.*

**ANALYSIS**

Carter argues that his six convictions for Illinois aggravated robbery cannot sustain his 180-month ACCA sentence because the convictions are not for violent felonies under § 924(e)(2)(B). Section 924(e) provides that the minimum sentence for felons convicted of possessing handguns is fifteen years imprisonment when the defendant has been previously convicted three times for separate violent felonies or serious drug offenses. 18 U.S.C. § 924(e)(1). Section 924(e) defines a violent felony as one that 1) "has as an element the use, attempted use, or threatened use of physical force" (a felony under the "elements clause"); 2) is

3

"burglary, arson, or extortion" (a felony under the "enumerated offenses clause"); or 3) that "otherwise involves conduct that presents a serious potential risk of physical injury to another" (a felony under the "residual clause"). *Id.* § 924(e)(2)(B)(i). The Supreme Court ruled that § 924(e)'s residual clause is unconstitutionally vague, meaning that a conviction must qualify as a violent felony under the elements clause or the enumerated offenses clause to support a sentence under § 924(e). *Johnson*, 135 S. Ct. at 2557. *Johnson* retroactively applies to convictions and sentences entered prior to *Johnson*, allowing collateral review of those cases, as here. *Welch v. United States*, --- U.S. ----, 136 S. Ct. 1257, 1265, 194 L. Ed. 2d 387 (2016).

To determine whether a prior conviction qualifies as a violent felony under § 924(e) after *Johnson*, the Court applies the "categorical approach" and looks at the elements of the prior offense, not the facts underlying the conviction. *Mathis v. United States*, --- U.S. ----, 136 S. Ct. 2243, 2251, 195 L. Ed. 2d 604 (2016) ("All that counts under the Act, we held then, are 'the elements of the statute of conviction.'" (citation omitted)); *Descamps v. United States*, --- U.S. ----, 133 S. Ct. 2276, 2283, 186 L. Ed. 2d 438 (2013). If the elements of the criminal statute are divisible with discrete theories of culpability, then the Court may also review "conclusive records made or used in adjudicating guilt" to determine if the conviction qualifies as an ACCA predicate. *Shepard v. United States*, 544 U.S. 13, 20–21, 125 S. Ct. 1254, 161 L. Ed. 2d 205 (2005) (favoring and limiting review to conclusive documents such as "charging documents filed in the court of conviction, or to recorded judicial acts of that court limiting convictions to the generic category, as in giving instruction to the jury"). But the Court cannot use the records to determine whether the facts of the crime could satisfy § 924(e)'s definitions of a violent felony. *Mathis*, 136 S. Ct. at 2253 ("In other words, the modified approach serves—and serves solely—

4

as a tool to identify the elements of the crime of conviction when a statute's disjunctive phrasing renders one (or more) of them opaque.").

The Government has provided certified statements of conviction/disposition for each of Carter's six aggravated robbery convictions.[1] "At the time of his convictions, the aggravated robbery statute was divisible[.]" *Carter*, Case No. 15-3031, Doc. 4 at 1 (7th Cir. Oct. 5, 2015). Illinois law stated that a person committed aggravated robbery when:

> (a) . . . he or she takes property from the person or presence of another by the use of force or by threatening the imminent use of force while indicating verbally or by his or her actions to the victim that he or she is presently armed with a firearm or the dangerous weapon, including a knife, club, ax, or bludgeon. This offense shall be applicable even though it is later determined that he or she had no firearm or other dangerous weapon, including a knife, club, ax, or bludgeon, in his or her possession when he or she committed the robbery.
>
> (a-5) . . . he or she takes property from the person or presence of another by delivering (by injection, inhalation, ingestion, transfer of possession, or any other means) to the victim without his or her consent, or by threat or deception, and for other than medical purposes, any controlled substance.

---

[1] When it filed its opposition to Carter's motion, the Government provided to Carter and the Court only one indictment for the robbery on September 17, 2005 and certified statements of conviction/disposition for the other five aggravated robbery convictions. *See* Docs. 21-2–21-7. The Government stated at the time of its opposition that the Clerk of the Circuit Court of Cook County anticipated providing the Government with a copy of the certified statement of conviction/disposition for the September 17, 2005 aggravated robbery and also "documents charging the amended aggravated robbery offenses, as distinct from the original charges, including the charge of armed robbery," and the Government also noted that its "effort to obtain those charging documents [was] ongoing." Doc. 21 at 6 n.3. Carter objected to the Government not providing a complete set of charging documents and proof of conviction for each of Carter's underlying aggravated robbery convictions and asserted that the Government should not be allowed to continue to look for the charging documents. *See* Doc. 22 at 1–2 ("The formal charging document is necessary, in each case, to determine what part of a divisible statue a defendant was convicted under."). On March 2, 2017, the Government moved for leave to file supplemental documents consisting of several indictments charging Carter with different armed robberies under 720 Ill. Comp. Stat. § 5/18-2, the certified statement of conviction for the September 17, 2005 aggravated robbery, and a sur-response explaining the supplemental documents' significance. Doc. 24; Doc. 25. The Court granted the Government's motion for leave to file its sur-response and the supplemental documents. Doc. 27. On March 14, 2017 in open court, the Court addressed the Government's sur-response with the parties.

720 Ill. Comp. Stat. § 5/18-5 (2005). Carter's six certified statements of conviction indicate that he was charged with and pleaded guilty to aggravated robbery, in violation of 720 Ill. Comp. Stat. § 5/18-5(a), which involved the taking of property of another "by the use of force or by threatening the use of force." *See* Doc. 21-2 (indicating Carter was charged with and convicted of "720-5/18-5(a) . . . AGGRAVATED ROBBERY"); Doc. 21-3 (same); Doc. 21-4 (indicating Carter was charged with and convicted of "720-5/18-5(A) . . . AGGRAVATED ROBBERY"); Doc. 21-5 (indicating Carter was charged with and convicted of "720-5/18-5(a) . . . AGGRAVATED ROBBERY" and two counts of armed robbery); Doc. 21-6 (indicating Carter was charged with and convicted of "720-5/18-5(a) . . . AGGRAVATED ROBBERY," armed robbery, and two counts of aggravated battery); Doc. 21-5 (indicating Carter was charged with and convicted of "720-5/18-5(a) . . . AGGRAVATED ROBBERY" and two counts of armed robbery); Doc. 25-1 at 4–6 (indicating Carter was charged with and convicted of "720-5/18-5(a) . . . AGGRAVATED ROBBERY" and two counts of armed robbery).[2] Subsection (a) of the

---

[2] Other courts have used certified statements of conviction alone to determine that prior Illinois convictions for robbery fall within § 924(e)'s definition of violent felony. *See United States v. Duffy*, No. CR 04-196 (01) (MJD), 2016 WL 4203418, at *2 (D. Minn. Aug. 9, 2016) ("The Court has reviewed the record and finds that the certified statements of conviction obtained by the U.S. Probation Office set forth that on March 30, 1990, the Petitioner was convicted of two counts of Robbery, in violation of Ill. Rev. Stat. ch. 38–18–1(a)(1990) and one count of Aggravated Battery in violation of Ill. Rev. Stat. ch. 38–12–4(b)(10)(1990). . . . Because these prior convictions fall within the definition of violent felony without regard to the residual clause, the Petitioner's claims fail on the merits." (footnote omitted)). The Court recognizes that, while reviewing an immigration appeal, the Seventh Circuit has questioned whether an Illinois certified statement of conviction/disposition contained enough detail to provide conclusive proof of the conviction. *Patel v. Gonzales*, 178 F. App'x 564, 568 (7th Cir. 2006) ("The Certified Statement of Conviction/Disposition itself is insufficient to establish Patel's conviction because it does not disclose the disposition of the three counts that are not shown dismissed."). That concern is not relevant here, however, because the parties agree that Carter pleaded guilty to six different aggravated robberies, and the certified statements of conviction/disposition clearly state that the aggravated robbery statute at issue was 720 Ill. Comp. Stat. § 5/18-5(a). Further, Carter was originally charged in six different indictments for armed robbery, under 720 Ill. Comp. Stat. § 5/18-2, charging Carter with robberies that involved "the use of force or by threatening the imminent use of force." Doc. 25-1. The Government represents that the armed robbery indictments were then amended to aggravated robbery charges. *See* Doc. 21-7 (amending September 17, 2004 robbery charge to aggravated robbery in violation of chapter 38, paragraph 18-5 "by the use of force or by threatening the imminent use of force"). Had Carter pleaded guilty to the original

aggravated robbery statute "clearly included as an element the use, attempted use, or threatened use of physical force against the person of another." *Carter*, Case No. 15-3031, Doc. 4 at 1; 720 Ill. Comp. Stat. § 5/18-5(a). The Court thus finds that Carter's six underlying convictions had as an element the use or threatened use of physical force and were ACCA predicate violent felonies under § 924(e).

Carter argues that post-*Johnson*, courts cannot hold that such a robbery is a violent felony under § 924(e) because he argues that neither Illinois robbery[3]—which he acknowledges underlies every aggravated robbery, *see* Doc. 1 at 15 ("[aggravated robbery] relies on the same common law definition of robbery as interpreted by the Illinois courts")—nor aggravated robbery has as an element the use, attempted use, or threatened use of the type of physical force contemplated in § 924(e). The Seventh Circuit long has held that "the Illinois robbery statute in its own terms includes the elements of either 'use of force or . . . threatening the imminent use of force,' that clearly come within the scope of 18 U.S.C. § 924(e)(2)(B)." *United States v. Dickerson*, 901 F.2d 579, 584 (7th Cir. 1990) (reviewing conviction under "Ill. Rev. Stat. ch. 38, § 18–1(a), in effect at the time of [the defendant's] arrest and conviction [and that] provided that: 'A person commits robbery when he takes property from the person or presence of another by the use of force or by threatening the imminent use of force'"). But Carter urges the Court to follow the First, Fourth, and Ninth Circuits' holdings that other states and U.S. territories' robbery statutes were not violent felonies under § 924(e)(2)(B)'s elements clause. *See United States v. Gardner*, 823 F.3d 793, 804 (4th Cir. 2016) (holding that conviction under North

---

armed robbery charges rather than aggravated robbery, his crime likewise would have involved the use of force or threatening the use of force.

[3] The Illinois robbery statute stated that a person committed robbery "when he or she takes property, except a motor vehicle covered by Section 18-3 or 18-4, from the person or presence of another by the use of force or by threatening the imminent use of force." 720 Ill. Comp. Stat § 5/18-1(a) (2005).

7

Carolina robbery statute was not a violent felony under § 924(e)(2)(B)(i)); *United States v. Parnell*, 818 F.3d 974, 981 (9th Cir. 2016) (holding that conviction under Massachusetts armed robbery statute was not a violent felony under § 924(e)(2)(B)(i)); *United Sates v. Castro-Vasquez*, 802 F.3d 28, 37–38 (1st Cir. 2015) (holding that conviction under Puerto Rico robbery statute was not a violent felony under United States Sentencing Guidelines' definition of crime of violence, which "has as an element the use, attempted use, or threatened use of physical force against the person of another").

As another court in this District recently pointed out when faced with the same argument that Carter presents here, *Dickerson* "continues to control today" and "the Illinois statute in its own terms includes the elements of either use of force or . . . threatening the imminent use of force." *United States v. Jones*, No. 16 C 6396, 2016 WL 6995569, at *3 (N.D. Ill. Nov. 29, 2016) (quoting *Dickerson*, 901 F.2d at 584) (internal quotation marks omitted); *see also United States v. Amos*, No. CR 07-0539-PHX-SRB, 2017 WL 283275, at *3–4 (D. Ariz. Jan. 23, 2017) (collecting cases, relying on *Dickerson* and rejecting contention that Illinois robbery involving the use of force or threat of imminent use of force, Ill. Rev. Stat. 1985 ch. 38 par. 18-1, does not have as an element the use, attempted use, or threatened use of force and is a violent felony under § 924(e)); *Mosley v. United States*, No. 16-CV-206-NJR, 2017 WL 67600, at *1 (S.D. Ill. Jan. 6, 2017) (rejecting argument that Illinois robbery conviction did not qualify as violent felony for sentencing under § 924(e) "given that the Seventh Circuit has repeatedly held that robbery as defined by Illinois law is a crime of violence"). Carter's arguments that aggravated robbery does not involve the use or threat of physical force sufficient for § 924(e)(2)(B)(i) fails as a matter of law. Therefore, the Court denies Carter's motion.

# CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Cases, the Court must issue or deny a certificate of appealability when it enters a final order adverse to a petitioner. A habeas petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (citing 28 U.S.C. § 2253(c)(2)). To make a substantial showing, the petitioner must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983)). The requirement of a certificate of appealability is a threshold issue and a determination of whether one should issue neither requires nor permits full consideration of the factual and legal merits of the claims. "The question is the debatability of the underlying constitutional claim, not the resolution of that debate." *Miller-El*, 537 U.S. at 342.

For the reasons stated above, the Court finds that there can be no showing of a substantial constitutional question for appeal, as reasonable jurists would not find this Court's rulings debatable. *See Lavin v. Rednour*, 641 F.3d 830, 832 (7th Cir. 2011) (citing *Slack*, 529 U.S. at 484–85)). Accordingly, the Court declines to issue a certificate of appealability.

## CONCLUSION

For the foregoing reasons, the Court denies Carter's motion, terminating his case, and denies a certificate of appealability.

Dated: March 14, 2017

SARA L. ELLIS
United States District Judge